(54 Misc. Rep. 81)

NATIONAL BANK OF BATTLE CREEK v. HOWARD.

(Supreme Court, Special Term, New York County. March 20, 1907.)

REMOVAL OF CAUSES—RESIDENT DEFENDANT.

Removal Act 1887 (Act March 3, 1887, c. 373, as amended by Act Aug. 13, 1888, c. 866) § 1, 25 Stat. 433 [U. S. Comp. St. 1901, p. 509], providing that, "when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the Circuit Court of the United States for the proper district," does not require that the removing defendant be a nonresident.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 60.]

Action by the National Bank of Battle Creek against Oliver O. Howard. Motion by plaintiff to vacate order removing cause to federal court. Denied.

Blandy, Mooney & Shipman (Andrew J. Shipman, of counsel), for the motion.

Rounds, Hatch, Dillingham & Debwoise, opposed.

GIEGERICH, J.  The plaintiff, by this motion, seeks to vacate the order removing the cause to the federal court; the ground of the application to vacate being that, although the parties litigant are citizens of different states, the defendant is a citizen and resident of this state, and therefore cannot claim a removal of the cause.  There is a question whether our state courts have any jurisdiction to entertain an application to vacate an order of removal, even though the proceeding was for any cause irregular.  Bushnell v. Parker Bros. & Co., 13 N. Y. Supp. 298; Moon on the Removal of Causes, p. 498, note.  But if it could be held that the facts in this case are distinguishable, and that this court has power to vacate its own order, I do not think it should do so.  The removal was under the third clause of section 2 of the removal act of 1887 (Act March 3, 1887, c. 373, as amended by Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 [U. S. Comp. St. 1901, p. 509]), which, so far as applicable, reads as follows:

"And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the Circuit Court of the United States for the proper district."

Although under other provisions of the removal act it is required that the removing defendant should be a nonresident, there is no such requirement in this clause.  Starborough v. Cooke (C. C.) 38 Fed. 369; Garner v. Bank of Providence (C. C.) 66 Fed. 369; Boston Trust Co. v. Mackey (C. C.) 70 Fed. 801; Hunter v. Conrad (C. C.) 85 Fed. 803.

There were other points urged in opposition to the motion; but, in view of the conclusions above reached, it will not be necessary to consider them.  Motion denied.